# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| SCPS, LLC and SSPS, LLC, <br><br> Plaintiffs, <br> v. <br><br> Kind Law, Ben Travis Law, and Individuals Identified on Attachment A, <br><br> Defendants. | Case No.: 1:24-cv-02768-PLF <br><br> **Declaration of Michael Kind** |

1. I, Michael Kind, hereby declare under penalty of perjury, and pursuant to the laws of the United States, that the following is true and correct.

2. I am a member in good standing of the State Bar of Nevada. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and I could testify competently to them if called upon to do so.

3. I am one of the partners of Kind Law.

4. I make this declaration to assist the Court in making its determinations. However, I in no way waive any arguments regarding service, jurisdiction, or any other arguments on behalf of Kind Law, Kind Law's or its co-counsel's clients, or any other person or entity.

5. I also in no way waive any attorney-client privilege or confidentiality in making this declaration.

## Plaintiffs' and Plaintiffs' attorneys'
## direct communications with Claimants

6. Claimants each retained Kind Law and its co-counsel ("Claimants' Counsel") to represent them against Plaintiffs in arbitration.

7. After initiating the arbitration proceedings, Claimants' Counsel became aware that Plaintiffs began communicating directly with Claimants.

8. Claimants' Counsel later learned that Plaintiffs' attorneys also communicated directly with Claimants and likely coached Plaintiffs in making the various communications that were directed to Claimants.

9. Claimants' Counsel have not authorized Plaintiffs or Plaintiffs' attorneys to communicate with Claimants.

10. Claimants' Counsel did not receive notice prior to the communications being made directly to Claimants.

11. Claimants' reaction to Plaintiffs' and Plaintiffs' attorneys' communications have been mixed:

    a) Some Claimants have expressed confusion and believed that Lowenstein Sandler and Addario Law Group LLP were affiliated with Claimants' Counsel and represented them;

    b) Some Claimants believed that the "waiver" form that was sent by Lowenstein Sandler was intended to "waive" or "opt out" of this case, not understanding that, in fact, it was intended to waive service of process;

    c) Some Claimants have chosen to drop their claims because of the direct communications that they received from Plaintiffs and Plaintiffs' attorneys; and

    d) Some Claimants have become invigorated by the account suspension and Plaintiffs' threats and are even more motivated to continue to pursue their claims.

12. While Claimants' Counsel have taken efforts to communicate with Claimants and attempt to minimize the confusion and misunderstandings experienced by Claimants as a result of Plaintiffs' and Plaintiffs' attorneys' direct communications with Claimants, I believe that the Court's intervention is needed.

13. I believe that the following may help repair some of the damage caused by Plaintiffs' and Plaintiffs' attorneys' direct communications with Claimants:

    a) An Order barring Plaintiffs and Plaintiffs' attorneys from communicating directly or indirectly with Claimants directly related to the parties' dispute;

b) An Order directing that all communications related to the parties' dispute must be made through Claimants' Counsel;

c) A Court Approved Notice, that will be sent to all Claimants, including those who have chosen to terminate Claimants' Counsels' representation, to the effect of:

**This Notice has been approved by the**
**United States District Court, District of Columbia**
**Judge Paul L. Friedman**

> You are receiving this notice if you previously retained Kind Law and Kind Law's co-counsel to represent you in certain claims against Zula or Sportzino.
>
> The Court is aware that you may have been improperly contacted by attorneys at the law firms of Lowenstein Sandler and Addario Law Group LLP.
>
> Neither Lowenstein Sandler nor Addario Law Group LLP represent your interests in your claims since these law firms represent Zula and Sportzino. The Court has issued a ruling that those law firms may not contact you in the future.
>
> All future communications will be made through your attorneys at Kind Law and Kind Law's co-counsel.
>
> You are encouraged to communicate with your attorneys at Kind Law, or its co-counsel, if you have any questions about your pending cases.

d) An Order, directing Plaintiffs to disclose to Claimants' Counsel all communications between themselves, Plaintiffs' counsel, and their agents, on the one hand, and Claimants, on the other hand, as well as all documents and notes related to those communications.

14. I am also aware that Plaintiffs reached out to Claimants' Counsel, pretending to be a potential client.

**There is no jurisdiction in Washington D.C.**

15. Kind Law is based in Las Vegas, Nevada.

16. Ben Travis Law is based in San Diego, California.

17. Claimants' Counsel have no offices or employees in Washington D.C.

18. Claimants, through Claimants' Counsel, have never initiated any claims in Washington D.C.

19. Any claims brought by Claimants, through Claimants' Counsel, in connection with this case, were filed in the AAA in San Diego, California.

**Exhibits**

20. Attached as **Exhibit 1** is a screenshot depicting the Zula online casino, with minor redactions.

21. Attached as **Exhibit 2** is a screenshot depicting the Zula online casino.

22. Attached as **Exhibit 3** is a screenshot depicting the Sportzino online casino, with minor redactions.

23. Attached as **Exhibit 4** is a screenshot depicting the Sportzino online casino.

24. Attached as **Exhibit 5** is a printout from the website of the Zula online casino.

25. Attached as **Exhibit 6** is a printout from the website of the Zula online casino.

26. Attached as **Exhibit 7** is a printout from Sportzino's website.

27. Attached as **Exhibit 8** is a printout from Zula's website.

28. Attached as **Exhibit 9** is a printout from Zula's website.

29. Attached as **Exhibit 10** is a printout from Zula's website.

30. Attached as **Exhibit 11** is a Notice of Dispute that was served on Zula.

31. Attached as **Exhibit 12** is a Notice of Dispute that was served on Sportzino.

32. Attached as **Exhibit 13** contains various screenshots of emails that Zula and Sportzino sent to Claimants.

33. Attached as **Exhibit 14** is a demonstrative that highlights the differences between the May 7, 2024, and June 28, 2024, terms and conditions published on Sportzino's website.

34. Attached as **Exhibit 15** is an opt out letter that was served on Sportzino on July 23, 2024.

35. Attached as **Exhibit 16** is an opt out letter that was served on Zula on July 23, 2024.

36. Attached as **Exhibit 17** is a Demand and Complaint that was filed against Zula in the AAA on or about August 14, 2024, with personal identifying information redacted.

37. Attached as **Exhibit 18** is a Demand and Complaint that was filed against Sportzino in the AAA on or about August 16, 2024, with personal identifying information redacted.

38. Attached as **Exhibit 19** is an opt out letter that was served on Zula on August 20, 2024.

39. Attached as **Exhibit 20** is an opt out letter that was served on Zula on August 28, 2024.

40. Attached as **Exhibit 21** is redacted letter from the AAA dated January 26, 2024, from a different case, addressing the AAA's policies when a respondent fails to pay the AAA filing fees under the AAA's Consumer Rules.

41. Attached as **Exhibit 22** is a redacted letter from the AAA dated September 6, 2024, from a different case, addressing the AAA's policies in enforcing its Consumer Principles.

42. Attached as **Exhibit 23** is redacted letter from the AAA dated September 11, 2024, from a different case, addressing the AAA's policies in enforcing its Consumer Principles.

43. Attached as **Exhibit 24** is an email sent by Lowenstein Sandler to one of the Claimants with attorney-client communications redacted.

44. Attached as **Exhibit 25** is an email from the AAA dated October 3, 2024, staying the AAA proceedings against Plaintiffs for 60 days.

45. Attached as **Exhibit 26** is an email from the AAA dated October 7, 2024, staying the AAA proceedings for 60 days and withdrawing all pending invoices.

46. Attached as **Exhibit 27** is an email sent by Addario Law Group LLP to one of the Claimants, including the email attachments, in **Exhibits 27.1**, **27.2**, and **27.3**. Personal identifying information is redacted.

47. Attached as **Exhibit 28** is an email from Claimants' Counsel to Plaintiffs' attorney dated October 10, 2024. Claimants' Counsel did not hear back from Plaintiffs' attorney regarding the request to stay the arbitrations in ADR Chambers.

48. Attached as **Exhibit 29** is an email from a Coordinator with ADR Chambers dated October 11, 2024.

I declare under penalty of perjury under the laws of the United States of America and the State of Nevada that the foregoing is true and correct to the best of my knowledge.

Dated: October 21, 2024.

                                          **KIND LAW**

                                          /s/ Michael Kind
                                          Michael Kind, Esq.
                                          8860 South Maryland Parkway, Suite 106
                                          Las Vegas, Nevada 89123