**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

SCPS, LLC and SSPS, LLC,

                Plaintiffs,

    v.

Kind Law, Ben Travis Law, and Individuals
Identified on Attachment A,

                Defendants.

Case No.: 1:24-cv-02768-PLF

**<u>CLAIMANTS' COUNSEL'S
REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS</u>**

Kind Law and Ben Travis Law ("Claimants' Counsel"), through counsel, hereby submit their reply in support of their motion to dismiss this frivolous action brought by SCPS, LLC ("Zula") and SSPS, LLC ("Sportzino" and jointly as "Plaintiffs").

This brief is based upon the accompanying memorandum of points and authorities, all papers and records on file herein and on such oral arguments which may be presented at the hearing of the motion.

---

REPLY                              — i —

**Table of Contents**

I.    Introduction ................................................................................................................. 1

II.   Argument ..................................................................................................................... 3

   A.  Plaintiffs lack standing ............................................................................................. 3

   B.  No subject matter jurisdiction exists ........................................................................ 4

   C.  No personal jurisdiction exists ................................................................................. 6

      1.   Claimants' Counsel preserved their personal jurisdiction defense ................................ 6

      2.   Exercising personal jurisdiction over Claimants' Counsel would offend traditional
      notions of fair play and substantial justice ............................................................... 8

      3.   The Original Terms' forum selection provision does not confer personal jurisdiction
      over Claimants' Counsel ....................................................................................... 8

         a.   Plaintiffs cannot have it both ways: either the Original Terms apply and Plaintiffs'
         claims must be resolved in the AAA or the Original Terms do not apply and the forum
         selection clause is irrelevant ............................................................................. 9

         b.   The forum selection provisions are unenforceable under applicable state law ........ 10

         c.   The Original Terms' forum selection provision is unenforceable considering the
         AAA rules .................................................................................................. 12

         d.   The "closely related" doctrine is inapplicable to Claimants' Counsel .................... 13

         e.   Even if the forum selection provisions apply, the claims asserted here are beyond the
         scope ......................................................................................................... 17

   D.  This District is an improper venue ......................................................................... 18

   E.  Plaintiffs fail to state a claim ................................................................................ 19

III.  Conclusion ................................................................................................................ 21

# Table of Authorities

<u>Cases</u>

*Am. Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 108 Cal. Rptr. 2d 699 (2001) ............... 11

*Baker v. Phx. Ins. Co.*, No. C12-1788JLR, 2014 U.S. Dist. LEXIS 190502 (W.D. Wash. Feb. 12, 2014) ......................................................................................................................... 10

*Bel-Ray Co. v. Chemrite Ltd.*, 181 F.3d 435 (3d Cir. 1999) ........................................................ 7

*Bridgewell Res. Ltd. Liab. Co. v. Tanamera Constr., Ltd. Liab. Co.*, No. 3:20-cv-00518-YY, 2021 U.S. Dist. LEXIS 165294 (D. Or. June 1, 2021) ........................................................ 11

*C&E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 354 U.S. App. D.C. 1 (D.C. Cir. 2002) ........................................................................................................... 20

*Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304 (6th Cir. 2024) ............................................. 13, 14

*Fitness Together Franchise, L.L.C. v. EM Fitness, L.L.C.*, 2020 U.S. Dist. LEXIS 191690, 2020 WL 6119470 (D. Colo. Oct. 16, 2020) ..................................................................... 14

*Geo Specialty Chems., Inc. v. Husisian*, 951 F. Supp. 2d 32 (D.D.C. 2013) ................................. 5

*Gipson* v. Wells Fargo & Co., 563 F. Supp. 2d 149 (D.D.C. 2008) ............................................ 12

*Gordian Med., Inc. v. Misty Vaughn & Curitec, LLC*, No. 22-319-MN-SRF, 2022 U.S. Dist. LEXIS 82669 (D. Del. May 6, 2022) ..................................................................... 14

*Habliston v. FINRA Regulation, Inc.*, No. 15-2225 (ABJ), 2017 U.S. Dist. LEXIS 11691 (D.D.C. Jan. 27, 2017) .............................................................................................................. 3

*Herrera v. Santangelo Law Offices, P.C.*, 2022 COA 93, ¶ 22, 520 P.3d 698 (Co. App. Aug. 11, 2022) .......................................................................................................................... 16

*Hill v. Napolitano*, 839 F. Supp. 2d 180 (D.D.C. 2012) ............................................................ 19

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir. 2016) 17

*Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 334 U.S. App. D.C. 280, F.3d 1243 (1999) .. 20

*KKW Enters. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42 (1st Cir. 1999) ................................................................................................................................... 11

*Lefkowitz v. McGraw-Hill Cos.*, No. 13-1661, 2013 U.S. Dist. LEXIS 85936 (E.D. Pa. June 19, 2013) .................................................................................................................................. 15

*M3 USA Corp. v. Qamoum*, No. 20-2903 (RDM), 2021 U.S. Dist. LEXIS 105923 (D.D.C. June 7, 2021) ................................................................................................................................. 14

*Malek v. Flagstar Bank*, 70 F. Supp. 3d 23 (D.D.C. 2014) ......................................................... 19

*Mann v. Castiel*, 401 U.S. App. D.C. 37, 681 F.3d 368  (2012) ................................................... 7

*Marino v. NOAA*, 456 U.S. App. D.C. 319, 33 F.4th 593 (2022) ................................................. 4

*Naegele v. Albers*, 110 F. Supp. 3d 126 (D.D.C. 2015) ............................................................... 17

*Nat'l Park Hosp. Ass'n v. DOI*, 538 U.S. 803 (2003) .................................................................... 3

*Net2phone, Inc. v. Superior Court*, 109 Cal. App. 4th 583, 135 Cal. Rptr. 2d 149 (2003) .......... 16

*Painewebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453 (5th Cir. 2001) ........ 7

*Parents v. Garland*, 88 F.4th 298 (D.C. Cir. 2023) ....................................................................... 3

*Peterson v. Highland Music*, 140 F.3d 1313 (9th Cir. 1998) ......................................................... 6

*Rincon EV Realty LLC v. CP III Rincon Towers, Inc.*, 8 Cal. App. 5th 1, 213 Cal. Rptr. 3d 410 (2017) ............................................................................................................................... 11

*Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 60 F. Supp. 3d 21 (D.D.C. 2014) .......... 15

*Shatsky v. PLO*, 446 U.S. App. D.C. 211, 955 F.3d 1016, (2020) ................................................ 6

*Song Fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53 (D.D.C. 2014) ................................................... 15

*Sprint Sols., Inc. v. Mobile Now, Inc.*, Civil Action No. 19-3752 (JDB), 2020 U.S. Dist. LEXIS 5526 (D.D.C. Jan. 13, 2020) .......................................................................................... 21

*Texas v. United States*, 418 U.S. App. D.C. 387, 798 F.3d 1108 (2015)................................. 3, 20

*Tompkins v. 23andMe, Inc.*, 840 F.3d 1016 (9th Cir. 2016) ................................... 11, 12

*Urquhart-Bradley v. Mobley*, 448 U.S. App. D.C. 36, 964 F.3d 36 (2020) .................................. 8

*Wright v. Interbank Capital, Inc.*, No. C 99-0091 MMC (ARB), 1999 U.S. Dist. LEXIS 8113

    (N.D. Cal. May 19, 1999) ........................................................................... 8

<u>Statutes</u>

9 U.S.C. § 201 ............................................................................................. 4

9 U.S.C. § 202.............................................................................................. 4

NRS 97B.100(2) ...................................................................................... 9, 10

<u>Rules</u>

DDCLR 7(b) ......................................................................................... 3, 17

## Memorandum of Points and Authorities

**I.     Introduction**

Plaintiffs have not provided even a basic justification as to why their claims against Claimants' Counsel are anything but entirely frivolous. They make numerous, stretched arguments that have never been adopted by any court. It is evident that Plaintiffs' primary objective in filing this lawsuit was to make false accusations against Claimants and their counsel, hoping to intimidate Claimants into abandoning their claims. This devious approach must not be allowed to continue.

The case should be dismissed. First, Plaintiffs lack standing because Plaintiffs' claims are not ripe, and they have failed to articulate a concrete injury in fact. The briefing, including Plaintiffs' response, raises numerous uncertainties about whether, or how, the AAA may administer Claimants' arbitration claims. Moreover, since Plaintiffs claim that the AAA arbitration agreements are unenforceable, Plaintiffs may choose to refuse to pay the AAA fees. Plaintiffs fail to show that they face an imminent and concrete injury. Plaintiffs do not even address these arguments and thereby concede that there is no standing.

Second, no subject matter jurisdiction exists. The Convention on the Recognition and Enforcement of Foreign Arbitral Awards is not applicable since the parties are all citizens of the United States. The FAA does not apply since Plaintiffs are not seeking to compel or enjoin arbitration as to Claimants' Counsel. And there is no diversity jurisdiction since the only AAA fee currently at issue is the $8,125 AAA Mass Arbitration Filing Fee, much less than the $75,000 threshold. Plaintiffs provide no support that it faces over $1,000,000 in AAA filing fees.

Third, no personal jurisdiction exists. Of course, Claimants' Counsel have preserved their personal jurisdiction defense by filing the instant motion. Plaintiffs are unable to show that Claimants' Counsel have any connection at all to this District.

Next, the Original Terms' forum selection provision does not confer personal jurisdiction over Claimants' Counsel. Plaintiffs dispute that the Original Terms apply, so they cannot now claim that Claimants' Counsel are bound by the Original Terms. In any case, the forum selection provisions are unenforceable under state law, the AAA rules, and the plain language of the agreement. Importantly, the forum selection provisions do not apply to Claimants' Counsel because the "closely related" doctrine does not apply here. No court has found that the "closely related" doctrine would apply under these circumstances. It would be entirely unforeseeable that Claimants' Counsel may be subject to their clients' forum selection agreements. And even if the forum selection provisions apply to Claimants' Counsel, Plaintiffs' claims in this case are beyond the scope of those provisions.

Fourth, this District is an improper venue so the case should be dismissed or transferred to the Southern District of California. The only basis for proper venue raised by Plaintiffs, the forum selection provisions, is flawed since those provisions do not apply to Claimants' Counsel. Plaintiffs concede that no party or relevant conduct has any connection to this District.

And finally, Plaintiffs fail to state a claim. Plaintiffs have not asserted any cognizable cause of action against Claimants' Counsel. Plaintiffs have made deliberately false factual allegations regarding Claimants' Counsel in an attempt to chill Claimants to drop their claims. These frivolous claims represent only a small fraction of the misconduct by Plaintiffs and their attorneys, which is the subject of two pending Emergency Motions, ECF No. 12 (involving Plaintiffs' and Plaintiffs' attorneys' deceptive direct communications with Claimants' Counsels' clients), ECF No. 13

(involving Plaintiffs' and Plaintiffs' attorneys' attempts to obtain improper default judgments in Canada against Claimants, among other things). Regardless, Plaintiffs fail to identify any recognizable cause of action against Claimants' Counsel so the claims must be dismissed.

## II.    Argument

Claimants' Counsels' motion to dismiss should be granted on the following grounds: (1) standing, (2) subject matter jurisdiction, (3) personal jurisdiction, (4) forum non conveniens and improper venue, and (5) failure to state a claim.

### A.  Plaintiffs lack standing

In their motion, Claimants' Counsel argued that the issues raised by Plaintiffs are not ripe for a judicial decision because the AAA proceedings are not moving forward and any adverse effect on Plaintiffs is "too remote and abstract." *E.g.*, *Parents v. Garland*, 88 F.4th 298, 307 (D.C. Cir. 2023); *Habliston v. FINRA Regulation, Inc.*, No. 15-2225 (ABJ), 2017 U.S. Dist. LEXIS 11691, at *11 (D.D.C. Jan. 27, 2017); *Nat'l Park Hosp. Ass'n v. DOI*, 538 U.S. 803, 804 (2003).

Specifically, Claimants' Counsel argued that (1) the AAA claims are stayed and Plaintiffs have not formally appeared, (2) even if Plaintiffs made a formal appearance in the AAA, the AAA may refuse to administer the arbitrations, (3) even if the AAA administers the arbitrations, the AAA may determine that these claims do not belong in the AAA, and (4) Plaintiffs can simply refuse to pay the AAA fees and cause the AAA claims to be closed.

In response, Plaintiffs merely concede that the AAA claims are currently stayed pending this litigation. However, Plaintiffs fail to address the other arguments and thereby concede that these claims are unripe since any potential adverse effect in the AAA is too remote and speculative. DDCLR 7(b); *Texas v. United States*, 418 U.S. App. D.C. 387, 389, 798 F.3d 1108, 1110 (2015) ("The rule is understood to mean that if a party files an opposition to a motion and therein addresses

---

REPLY                          — 3 —

only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.").

Plaintiffs also tellingly fail to address Claimants' Counsels' argument, and thereby concede, that Plaintiffs cannot demonstrate an "injury in fact" to confer Article III standing because the AAA claims are not proceeding at this time. *E.g.*, *Marino v. NOAA*, 456 U.S. App. D.C. 319, 322, 33 F.4th 593, 596 (2022) (no standing where the plaintiff failed to show that "a favorable decision would cause . . . redress [of] their alleged injuries").

Plaintiffs' chief complaint here is that "Plaintiffs have no obligation to arbitrate" *Claimants'* claims in the AAA. Since Claimants' Counsel have not brought any claims on their own behalf, neither declaratory nor injunctive relief against Claimants' Counsel could redress any actual or threatened injury to Plaintiffs related to the arbitrations brought by Claimants. This Court should therefore dismiss this case since Plaintiffs lack standing.

**B.  No subject matter jurisdiction exists**

Plaintiffs are wrong that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, confers subject matter jurisdiction. Under the Convention, any agreements "between citizens of the United States shall be deemed not to fall under the Convention." 9 U.S.C. § 202 ("a corporation is a citizen of the United States if it is incorporated . . . in the United States"). Here, the Convention has no application since the parties are all citizens of the United States. *See* Compl., ECF No. 1, p. 3, ¶¶ 1 (Zula is a Delaware corporation), 2 (Sportzino is a Delaware corporation). Plaintiffs fail to show how Claimants' Counsel, law firms based in California and Nevada, are subject to any foreign arbitration agreement such that the Convention applies.

Second, Plaintiffs fail to cite any support that the FAA confers subject matter jurisdiction over law firms to prevent them from representing their clients in an arbitration proceeding. Plaintiffs could have sought to achieve their stated objectives without naming Claimants' Counsel. Indeed, Plaintiffs previously named AAA as a Defendant in this matter but subsequently dismissed them without prejudice, recognizing that the only appropriate parties are allegedly Claimants themselves. Plaintiffs' true intentions were to chill Claimants to withdraw their claims, as detailed in the pending Emergency Motions. ECF Nos. 12, 13.

Third, Plaintiff fails to prove that diversity jurisdiction exists. *E.g.*, *Geo Specialty Chems., Inc. v. Husisian*, 951 F. Supp. 2d 32, 36 (D.D.C. 2013) (it is the plaintiff's burden to prove that the court has jurisdiction over the case). The AAA's Mass Arbitration Protocols are designed to efficiently handle cases where numerous claimants assert claims against a single company. Under the Protocols, each side pays a relatively small "flat" filing fee ($3,125 for the individuals as a group and $8,125 for the business).[1] A Process Arbitrator is then assigned—under Rule MA-6(c) of the Mass Arbitration Rules—to determine procedural issues, including which terms apply, which claimants qualify to be included in the proceedings, the arbitration locale, and other procedural issues.[2] Plaintiffs' arguments that they face over $1,000,000 in filing fees in the AAA is conclusory and unsupported. Plaintiffs fail to show that subject matter jurisdiction exists so this case should be dismissed.

---

[1]    AAA, Mass Arbitration Fee Schedule, available at https://www.adr.org/sites/default/files/Consumer_Mass_Arbitration_and_Mediation_Fee_Schedule.pdf

[2]    AAA, Mass Arbitration Supplementary Rules, https://www.adr.org/sites/default/files/Mass-Arbitration-Supplementary-Rules.pdf

REPLY                                        — 5 —

**C.  No personal jurisdiction exists**

From the beginning, Claimants and Claimants' Counsel's position has been that the parties' disputes belong in the AAA, under the Original Terms. Plaintiffs took the position that the Original Terms do not apply and that, therefore, the AAA claims should be stayed. Plaintiffs filed this very case to seek to stay Claimants' enforcement of the Original Terms. It is beyond absurd that Plaintiffs now attempt to argue that the Original Terms' forum selection clauses apply to the dispute.

But even if Plaintiffs now concede that the Original Terms apply (in which case all of the parties' disputes belong in AAA arbitration), and even if the Original Terms' forum selection clauses are enforceable (and they are not), Plaintiffs fail to show that Claimants' Counsel are bound by those provisions.

No personal jurisdiction exists because (1) Claimants' Counsel did not waive their defense, (2) there is no personal jurisdiction over Claimants' Counsel, under a traditional due process analysis, and (3) Plaintiffs fail to establish that the forum selection provisions in the Original Terms establish personal jurisdiction over Claimants' Counsel. Therefore, the claims against Claimants' Counsel should be dismissed.

**1.  Claimants' Counsel preserved their personal jurisdiction defense**

Plaintiffs are wrong that Claimants' Counsel waived their personal jurisdiction defense because Claimants' Counsel filed a motion to dismiss for a lack of personal jurisdiction and preserved the defense in every other material filing. A party preserves their personal jurisdiction arguments by filing a motion to dismiss on that basis and preserving their defense in subsequently filed documents. *E.g.*, *Shatsky v. PLO*, 446 U.S. App. D.C. 211, 228, 955 F.3d 1016, 1033 (2020); *Peterson v. Highland Music*, 140 F.3d 1313, 1316 (9th Cir. 1998) (the defendants did not forfeit

their personal jurisdiction defense by filing subsequent motions because the defendants had already moved to dismiss for lack of personal jurisdiction and filed an answer preserving the defense). Here, Claimants' Counsel's very first appearance was their instant motion to dismiss where they argued that no personal jurisdiction exists.

Of course, given Plaintiffs' and their attorneys' deceptive and unethical behavior toward Claimants, Claimants' Counsel were forced to file the pending Emergency Motions. ECF Nos. 12, 13. However, in each motion, Claimants' Counsel specifically preserved and did not waive their arguments. *Id.* Should this Court rule that no personal jurisdiction exists, Claimants' Counsel would be dismissed from this case and their pending motions moot. However, should this Court rule that personal jurisdiction exists, then Claimants' Counsel would request that the pending Emergency Motions be heard on an emergency basis.

Plaintiffs' reliance on *Mann v. Castiel*, 401 U.S. App. D.C. 37, 43, 681 F.3d 368, 374 (2012) (the defendants' failure to raise their defense in their motion to stay did not amount to a waiver) and *Painewebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453, 460 (5th Cir. 2001) (the defendants' cross motion to stay the proceedings did not amount to a waiver, especially given the defendants' repeated objections to jurisdiction) do not support Plaintiffs' position. In those cases, the courts found that there was no waiver because the defendant preserved the defense.

Additionally, the cases cited by Plaintiffs where the defendants only raised their personal jurisdiction defense after moving for affirmative relief have no application here. *Bel-Ray Co. v. Chemrite Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (the defendants filed counterclaims and lost their motions for summary judgment on their counterclaims before filing their affidavits in support of their personal jurisdiction defenses); *Wright v. Interbank Capital, Inc.*, No. C 99-0091 MMC

(ARB), 1999 U.S. Dist. LEXIS 8113, at *8 (N.D. Cal. May 19, 1999) (affirmative relief was sought "without first raising procedural defenses"). Here, Claimants' Counsels' Emergency Motions specifically preserved the defense and were only filed after Claimants' Counsel filed their motion to dismiss for a lack of personal jurisdiction. There has been no waiver.

## 2. Exercising personal jurisdiction over Claimants' Counsel would offend traditional notions of fair play and substantial justice

In their motion, Claimants' Counsel argued at length that due process would be violated if personal jurisdiction was exercised because the case has no connection to this District. Mot., ECF No. 11, pp. 25-31; *e.g.*, *Urquhart-Bradley v. Mobley*, 448 U.S. App. D.C. 36, 44, 964 F.3d 36, 44 (2020) (personal jurisdiction only "satisfies due process if there are 'minimum contacts' between the defendant and the forum such that the defendant 'should reasonably anticipate being haled into court there[.]'"). As discussed in the motion, Claimants are not from this District, Claimants' Counsel are not from this District, none of the underlying conduct occurred in this District, and the AAA arbitrations were filed in California.

Plaintiffs wholly ignore this basic personal jurisdiction analysis and make no argument related to this important due process requirement. Plaintiffs' admission that there is no personal jurisdiction over Claimants' Counsel under a traditional due process analysis is fatal to Plaintiffs' position. This case should be dismissed.

## 3. The Original Terms' forum selection provision does not confer personal jurisdiction over Claimants' Counsel

Plaintiffs do not dispute that Claimants' Counsel have no connection to this District. Instead, Plaintiffs argue only that the forum selection clause in the Original Terms confers personal

jurisdiction over Claimants' Counsel. But Plaintiffs fail to cite any on point authority to support their position.

Moreover, Plaintiffs argue that the issues raised in the briefing regarding the applicability of the arbitration provision and forum selection clauses are for the arbitrator to decide. Pl.'s Resp., ECF No. 21, p. 33. Claimants agree: the entire underlying dispute belongs in arbitration in the AAA. However, since Claimants' Counsel are not parties to the arbitration agreement and not subject to the forum selection clauses, and for the other reasons raised in the motion, this Court may decide the issues and dismiss the claims against Claimants' Counsel.

Plaintiffs fail to establish that the forum selection provisions in the Original Terms establish personal jurisdiction over Claimants' Counsel because (1) Plaintiffs dispute that the Original Terms even apply—and they cannot have it both ways, (2) the forum selection provisions are unenforceable under applicable state law, (3) the forum selection provisions are unenforceable under the AAA rules, (4) the forum selection provisions do not apply to Claimants' Counsel because the "closely related" doctrine does not apply here, and (5) even if the forum selection provisions apply to Claimants' Counsel, Plaintiffs' claims in this case are beyond the scope of those provisions.

a.  Plaintiffs cannot have it both ways: either the Original Terms apply and Plaintiffs' claims must be resolved in the AAA or the Original Terms do not apply and the forum selection clause is irrelevant

Plaintiffs' only argument as to why personal jurisdiction exists makes no sense. Plaintiffs argue that the Original Terms contain a Washington D.C. forum selection provision that, according to Plaintiffs, applies to Claimants' Counsel. Pl.'s Resp., ECF No. 21, p. 31 ("Claimants and the Firms subjected themselves to the jurisdiction of this Court by invoking the prior version of the

arbitration provision requiring arbitration in Washington, D.C."). But the only cognizable claims that Plaintiffs raise in this case is that Claimants should not have filed their claims in the AAA because, according to Plaintiffs, the Original Terms are inapplicable. Compl., ECF No. 1, p. 25 (seeking an order "permanently enjoining Defendants from further proceedings against Plaintiffs before the AAA").

"[W]hat is good for the goose is good for the gander." *E.g.*, *Baker v. Phx. Ins. Co.*, No. C12-1788JLR, 2014 U.S. Dist. LEXIS 190502, at *3 (W.D. Wash. Feb. 12, 2014). If the Original Terms are applicable to Claimants' Counsel, then: First, Plaintiffs' claims against Claimants' Counsel are moot since the Original Terms apply and Claimants properly filed their claims in the AAA under the Original Terms. Second, any disputes against Claimants Counsel would be required to be arbitrated in the AAA, under the Original Terms.

On the other hand, if the Original Terms are not applicable, then the forum selection provision is irrelevant. The only applicable version of the Terms that reference this District is the Original Terms.

In truth, however, neither is correct. Claimants' Counsel are not subject to any arbitration agreement with Plaintiffs. Plaintiffs fail to cite any support that Claimants' Counsel became subject to their clients' arbitration agreement, merely by representing their consumer clients in arbitration proceedings.

b.    The forum selection provisions are unenforceable under applicable state law

In their motion, Claimants' Counsel provide ample support that the out-of-state forum

selection clause is unenforceable as to Claimants.[3] *E.g.*, NRS 97B.100(2); *Am. Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 5, 108 Cal. Rptr. 2d 699, 702 (2001) (forum selection clause amounted to a contractual waiver of unwaivable consumer protections); *Rincon EV Realty LLC v. CP III Rincon Towers, Inc.*, 8 Cal. App. 5th 1, 11, 213 Cal. Rptr. 3d 410, 418 (2017) (decided after *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1029 (9th Cir. 2016)); *see also Bridgewell Res. Ltd. Liab. Co. v. Tanamera Constr., Ltd. Liab. Co.*, No. 3:20-cv-00518-YY, 2021 U.S. Dist. LEXIS 165294, at *50 (D. Or. June 1, 2021) ("[C]omity requires courts in one state to honor other states' laws voiding forum selection clauses.").

Plaintiffs are wrong that NRS 97B.100(2) and *Am. Online* are preempted under the FAA and fail to cite even a single case with such a conclusion.[4] Both NRS 97B.100(2) and *Am. Online* do not apply only to arbitration agreements. They apply to all contracts, whether the contract contains an arbitration provision or not. No court has ever found that these rules are preempted under the FAA.

In any case, Plaintiffs concede that a forum selection clause would be unenforceable if, under the forum selection clause, trial would be "so gravely difficult and inconvenient that he will

---

[3] Contrary to Plaintiffs' contentions, an analysis as to the Terms' application to Claimants is needed here. Plaintiffs' only argument is that personal jurisdiction exists over Claimants' Counsel because of the agreement entered into by Claimants' Counsel's clients, Claimants. Thus, if the forum selection provisions are unenforceable as to Claimants, they necessarily are unenforceable as to Claimants' Counsel.

[4] Plaintiffs are wrong in their reliance on *KKW Enters. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42, 51 (1st Cir. 1999), and the related cited cases, to support that NRS 97B is preempted under the FAA. Those cases are not on point and involved a statute that applied only to franchise agreements, not applicable here. NRS 97B applies equally to all consumer contracts, whether containing arbitration agreements or not. No case has found that the statute is preempted under the FAA.

---

for all practical purposes be deprived of his day in court.'" Pl.'s Resp., ECF No. 21, pp. 28-29, n.

22 (citing *Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149, 154 (D.D.C. 2008); *Tompkins*, 840

F.3d at 1029). Here, Claimants were targeted by Plaintiffs' casinos in their home states and lost

money to Plaintiffs in their home states. It would be overly oppressive to require such consumers

who seek to submit a claim against the casino operators to travel to this District to bring their

claims that arose in their home states. The forum selection clause is therefore unconscionable and

unenforceable because it would effectively deprive Claimants of their day in court, or in this case,

arbitration.

    c.   The Original Terms' forum selection provision is unenforceable considering the AAA rules

In their motion, Claimants' Counsel provide ample support that the AAA would not

enforce the Washington D.C. forum selection clause. Mot., ECF No. 11, p. 27 (citing the AAA's

Principle 7). The AAA's rules that would invalidate the forum selection clause is dispositive

because the provision states: "Except as otherwise may be required by the AAA Rules, the

arbitration will be held in Washington DC." ECF No. 3-1, p. 27.

Claimants' Counsel provided two recent letters from the AAA in similar cases, Exhibit 22

(ECF No. 11-4, p. 196) and Exhibit 23 (*Id.* at p. 199), where the AAA specifically applied Principle

7 and invalidated similar forum selection clauses in consumer arbitrations. *Id.* Plaintiffs responded

that such determinations by the AAA would be merely "administrative" and, in any case, the AAA

has made no such determinations yet in this case.[5] Pl.'s Resp., ECF No. 21, p. 32. Plaintiffs'

---

[5] Plaintiffs' arguments highlight that, as discussed above, Plaintiffs' claims in this case are unripe. The parties' disputes should be resolved in arbitration.

arguments are conclusory and irrelevant. On the record presented, this Court can readily determine that the forum selection clause violates the AAA's rules since the AAA routinely invalidates similar agreements.

Plaintiffs are also wrong that the hearings would necessarily be conducted virtually as opposed to face-to-face, and as such escape Principle 7's prohibition on an out-of-state locale. Under Principle 12, the arbitrator has "authority to require a face-to-face hearing upon the request of a party."[6] Thus, like in the cases at issue in Exhibits 22 and 23, the AAA is likely to determine that the forum selection provision in this case violates the AAA's rules. Because the forum selection clause violates the AAA's rules, under the plain language of the agreement, the provision is unenforceable.

    d.   The "closely related" doctrine is inapplicable to Claimants' Counsel

Even if the forum selection provisions are enforceable as to Claimants (and they are not, as discussed), Plaintiffs still fail to show that they are applicable to Claimants' Counsel.

"It is axiomatic that, '[t]ypically, only parties to a contract are bound to its terms.'" *Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 311 (6th Cir. 2024). "The exception involved here is most frequently referred to as the 'closely related' doctrine, which 'permit[s] non-signatories to an agreement to be bound by, and to enforce, forum selection clauses where, under the circumstances, the non-signatories enjoyed a sufficiently close nexus to the dispute or to another signatory such that it was foreseeable that they would be bound.'" *Id.*

---

[6]Available at
https://www.adr.org/sites/default/files/document_repository/Consumer%20Due%20Process%20
Protocol%20(1).pdf

---

As an initial matter, many courts have expressed skepticism in applying the "closely related" doctrine as an alternative to a traditional due process analysis to exercise personal jurisdiction over a defendant. *M3 USA Corp. v. Qamoum*, No. 20-2903 (RDM), 2021 U.S. Dist. LEXIS 105923, at *41 (D.D.C. June 7, 2021) ("the Court is skeptical that the 'closely related' doctrine adds meaningfully to existing agency and corporate law and, at a minimum, would hesitate to apply the doctrine expansively and without briefs that address how the doctrine can be reconciled with the Supreme Court precedent") (relied on by Plaintiffs); *Firexo, Inc.*, 99 F.4th at 327 ("[T]he 'closely related' doctrine should not survive as a stand-alone doctrine.") (citing *Fitness Together Franchise, L.L.C. v. EM Fitness, L.L.C.*, 2020 U.S. Dist. LEXIS 191690, 2020 WL 6119470, at *4-5 (D. Colo. Oct. 16, 2020)) ("'Closely related' appears to be an umbrella term that refers to a variety of common law doctrines [that] courts use to bind non-signatories to contracts, including third-party beneficiaries, successors-in-interest, principals of signatory agents, and alter egos."); *Id.* at 326 ("[T]he 'closely related' doctrine is a dubious doctrine at best."); *see also Gordian Med., Inc. v. Misty Vaughn & Curitec, LLC*, No. 22-319-MN-SRF, 2022 U.S. Dist. LEXIS 82669, at *17 (D. Del. May 6, 2022) ("Delaware courts have cautioned against relying on foreseeability alone to satisfy the closely related test.").[7]

In any case, even if the doctrine could be applied without conducting a due process analysis, the doctrine does not apply to Claimants' Counsel. *Firexo*, 99 F.4th at 320 (in applying the doctrine, courts generally consider several factors, including common ownership between the signatory and the non-signatory, and direct benefits obtained from the contract at issue).

---

[7] *See Firexo*, 99 F.4th at 328 (using an Erie approach and concluding that under English law, the "closely related" doctrine did not apply); Sportzino Original Terms, ECF No. 3-1, p. 84, ¶ 13 (containing Delaware choice of law provision).

Here, first, unlike at issue in the cases relied on by Plaintiffs, Claimants' Counsel are not common owners with Claimants over some business venture. *E.g.*, *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 60 F. Supp. 3d 21, 35 (D.D.C. 2014) (applying the doctrine to the CEO, Vice President, CFO and manager of the signatory company since those individuals were all closely related to the agreements' formation and the underlying business-related dispute); *Song Fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 60 (D.D.C. 2014) (involving the applicability of the doctrine to owners and managers of the signatory music production company); *Lefkowitz v. McGraw-Hill Cos.*, No. 13-1661, 2013 U.S. Dist. LEXIS 85936, at *10 (E.D. Pa. June 19, 2013) (involving the applicability of the doctrine to a photographer who filed suit under a licensing agreement, including a forum selection clause, entered into by the photographer's agent). Plaintiffs fail to cite even a single case to support that a law firm's representation of its clients amounts to "closely related" activity sufficient to bind the law firm in its clients' arbitration agreement.

Second, Plaintiffs fail to show that Claimants' Counsel obtained any benefit from the arbitration agreement between Plaintiffs and Claimants. Consumer advocates and attorneys have spent decades challenging mandatory arbitration agreements in consumer contracts.[8] As consumer protection law firms, Claimants' Counsel could have easily represented their clients in court, either

---

[8] *E.g.*, NACA, *Arbitration: Fine print corporate contracts often restrict customers' right to go to court*, available at https://www.consumeradvocates.org/for-consumers/arbitration/ ("Forced arbitration is preferred by companies because it benefits companies, not the employee or consumer."); PublicCitizen, *Consumers' Fraught Journey Into Forced Arbitration*, https://www.citizen.org/article/consumers-fraught-journey-into-forced-arbitration/ ("Banning forced arbitration . . . would be the first step toward granting consumers access to equitable and financial relief."); The Center for American Progress, *The Case Against Mandatory Consumer Arbitration Clauses*, available at https://www.americanprogress.org/article/the-case-against-mandatory-consumer-arbitration-clauses/ (discussing the benefits of class actions over mandatory arbitration in consumer actions).

as a class action or in individual cases. Plaintiffs' arbitration agreements, including the class waiver provisions, were designed to benefit Plaintiffs and serve but one purpose: to make it more difficult for consumers to bring claims against Plaintiffs. Bringing such claims in individual arbitrations raises unique complexities, requires specialized knowledge and legal skills, and can easily drain attorneys' time and firm resources. Consumer arbitration cases often result in years of litigation in court involving motions to compel arbitration and the like, and this case is a prime example. Plaintiffs can articulate no benefits that Claimants' Counsel obtained from their clients' arbitration agreements with Plaintiffs.

Moreover, it was unforeseeable that Claimants' Counsel would be sued in this District because, among other reasons, no case has applied the "closely related" doctrine in this context.[9] *See Herrera v. Santangelo Law Offices, P.C.*, 2022 COA 93, ¶ 22, 520 P.3d 698, 704 (Co. App. Aug. 11, 2022) ("Any benefits Herrera received because of his representation of Touchstone in the arbitration are simply too indirect to estop him from disclaiming the arbitrator's authority to impose sanctions against him under Touchstone's arbitration obligation."). It was completely unforeseeable that Claimants' Counsel, California and Nevada law firms, representing their clients in arbitration in California[10] would be haled into a court in Washington D.C. to defend a lawsuit

---

[9] Plaintiffs' arguments regarding *Net2phone, Inc. v. Superior Court*, 109 Cal. App. 4th 583, 588, 135 Cal. Rptr. 2d 149, 153 (2003) is dubious. In that case, a plaintiff filed suit in a statutory representative capacity, on behalf of California consumers, under California's antitrust laws. The issue involved the doctrine's application to the representative plaintiff, not to the law firms.

[10] Claimants' claims were, in fact, filed in the AAA's San Diego office. Plaintiffs are wrong in arguing that "the AAA's filing services are located in New Jersey" and that Claimants merely "requested" San Diego as the locale. Pl.'s Resp., ECF No. 21, p. 33. The AAA maintains extensive rules regarding the "locale" of arbitration proceedings, that are addressed in the AAA's Consumer Due Process Protocol, the Consumer Arbitration Rules, and the Mass Arbitration Supplementary Rules. Indeed, the AAA complies with certain reporting and disclosure requirements, depending in which state the case is "filed." *E.g.*, AAA, *Consumer and Employment Arbitration Statistics*,

brought against them, based only on an arbitration agreement that their clients signed before they retained the law firms. This is especially so since Claimants' Counsel believed that the Washington D.C. forum selection provision was unenforceable, as evidenced by the claims being filed in California, and because no court has ever applied the "closely related" doctrine in this context.

Under the circumstances, it would be unfair to exercise personal jurisdiction over Claimants' Counsel based on the forum selection provision in Claimants' Counsel's clients' agreements.

e. Even if the forum selection provisions apply, the claims asserted here are beyond the scope

As discussed, the forum selection provisions are not applicable to Claimants or Claimants' Counsel. But, as discussed in the motion, even if the forum selection provisions were applicable to Claimants' Counsel, the application must be limited only to enforce the arbitration agreement. *E.g.*, *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 818 F.3d 193, 212 (5th Cir. 2016); *Naegele v. Albers*, 110 F. Supp. 3d 126, 154 (D.D.C. 2015) (dismissing claims for lack of personal jurisdiction where the defendant agreed only that specific disputes "shall be in a court of the District of Columbia and/or in the United States District Court for the District of Columbia" because allowing the other claims to proceed would likely "offend traditional notions of fair play and substantial justice").

Plaintiffs fail to argue otherwise, and thereby concede that the forum selection clause, that states that the AAA "arbitration will be held in Washington DC," ECF No. 3-1, p. 27, is limited to

---

available at https://www.adr.org/ConsumerArbitrationStatistics. Claimants' claims were filed in California.

compelling arbitration in the AAA under the Terms. But Plaintiffs do not seek to compel arbitration in the AAA. Plaintiffs do not seek to compel arbitration against Claimants' Counsel at all. Thus, even if the forum selection provisions applied to Claimants' Counsel (and they do not), Plaintiffs' claims fall outside the scope of those provisions.

Thus, there is no personal jurisdiction over Claimants' Counsel and this case should be dismissed.

### D. This District is an improper venue

In their motion, Claimants' Counsel argued at length that the case should be dismissed or transferred to the Southern District of California, for forum non conveniens and improper venue, under Rule 12(b)(3). Specifically, Claimants' Counsel argued that, under 28 U.S.C. § 1391(b), none of the defendants live in D.C., none of the events giving rise to the claims occurred in D.C., and this case would have proper venue in the Southern District of California.

Plaintiffs' response, that Claimants' Counsel consented to jurisdiction in this Court, is wrong, as discussed above. Claimants' Counsel did not consent to jurisdiction in this District and the forum selection clause is irrelevant and unenforceable.

Moreover, Plaintiffs' argument regarding the "presumption in favor of a plaintiff's chosen forum" is dubious at best. Claimants are the aggrieved parties in this matter. Claimants chose to file their claims in California. Plaintiffs' tactic to file this case *to stay Claimants' California claims*, as well as to file additional cases in Canada, was merely an attempt at forum shopping and to chill and intimidate Claimants. Claimants chose to file their claims in California and this Court should therefore honor the presumption, favoring Claimants' chosen forum: California.

Plaintiffs do not dispute the relevant facts: Claimants chose to file their claims in California, Claimants do not live in this District, Plaintiffs have no connection to this District,

Claimants' Counsel have no connection to this District, none of the underlying conduct occurred in this District, Claimants were targeted by Plaintiffs in Claimants' home states, and Claimants lost money to Plaintiffs in Claimants' home states.

Plaintiffs fail to meet their burden of showing that venue is proper. *Hill v. Napolitano*, 839 F. Supp. 2d 180, 182 (D.D.C. 2012) ("[T]he plaintiff bears the burden of demonstrating that venue is proper."). The claims should have been brought, if anywhere, in the Southern District of California. Claimants filed their underlying claims in the AAA in California, many Claimants live in California, Claimants' Counsel are in California, the AAA is in California, and the claims involve claims made under California law.[11] California has jurisdiction over all of the parties involved. Therefore, the case belongs in the Southern District of California. This case has no connection to this District and it should therefore be dismissed.[12]

### E.  Plaintiffs fail to state a claim

In their motion, Claimants' Counsel argue at length, among other things, that a request for a "declaratory judgment" is not a cause of action that could survive a Rule 12(b)(6) motion. *See generally Malek v. Flagstar Bank*, 70 F. Supp. 3d 23, 28 (D.D.C. 2014) ("[A] count for a declaratory judgment is not cognizable as a separate cause of action, but is more properly included in the prayer for relief.") (alterations added) (compiling cases, including *C&E Servs., Inc.*

---

[11] While Plaintiffs are correct that the claims also involve other states' laws, in addition to California law, the parties agree that none of the claims arise under the laws of Washington D.C.

[12] The fact that the non-California Claimants chose to retain counsel in California and file their claims in California has no bearing on whether they can be haled into this Court. Plaintiffs cite no support for their argument that since New York is closer to D.C., therefore D.C. is a more proper venue. Claimants all have a connection to California. They retained counsel in California and brought their claims in California. This case should therefore be transferred to California or, alternatively, dismissed for improper venue.

---

*of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201, 354 U.S. App. D.C. 1 (D.C. Cir. 2002) ("[T]he Declaratory Judgment Act is not an independent source of federal jurisdiction but only presupposes the existence of a judicially remediable right.") (alterations added)).

Plaintiffs fail to argue otherwise, and thereby concede that they have failed to state a cause of action against Claimants' Counsel. DDCLR 7(b); *Texas v. United States*, 418 U.S. App. D.C. 387, 389, 798 F.3d 1108, 1110 (2015) ("The rule is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.").

Plaintiffs' only argument, that the FAA creates a cause of action, is mistaken. As discussed in the motion, the FAA allows a party to seek to compel or enjoin another party to arbitration. However, Plaintiffs have not, and cannot, cite any support that the FAA creates a cause of action against law firms—that are neither parties to the arbitration agreements nor the arbitration proceedings—who are merely representing their clients in arbitration proceedings.

Plaintiffs' reliance on *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 334 U.S. App. D.C. 280, 166 F.3d 1243, 1245 (1999) is curious. In that case, the court concluded that the FAA did not confer subject matter jurisdiction, even when the underlying arbitration claims involved federal law. In any case, the court noted correctly that the "Federal Arbitration Act creates several federal causes of action . . . including an action . . . to compel arbitration . . . and an action . . . to vacate an arbitrator's award." *Id.* However, as discussed in Claimants' Counsels' motion, Plaintiffs do not seek to compel Claimants' Counsel to arbitrate any claims or to enforce or vacate any arbitrator's award. The FAA therefore does not create a cause of action against Claimants' Counsel.

---

REPLY        — 20 —

Plaintiffs fail to cite any on point cases to support their position, and the cases that they do cite have no application. *Sprint Sols., Inc. v. Mobile Now, Inc.*, Civil Action No. 19-3752 (JDB), 2020 U.S. Dist. LEXIS 5526, at *1 (D.D.C. Jan. 13, 2020) involved an injunction for the arbitration respondent to stop dissipating funds before an arbitrator decision was entered. Here, there are no arbitration proceedings against, or brought by, Claimants' Counsel.

To the extent that Plaintiffs seek injunctive and declaratory relief against Claimants' Counsel, such relief would plainly be overbroad and may preclude Claimants' Counsel from the legitimate practice of law, including its representation of Claimants or other clients. This case should, therefore, be dismissed.

## III.    Conclusion

Respectfully, Claimants' Counsel request that their motion be granted.

Dated this 6th day of November 2024.

Respectfully submitted,

*/s/ Max Maccoby*
D.C. Bar No. 462064
Washington Global Law Group PLLC
1701 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006
202-248-5439 Office
773-960-8988 Cell
maccoby@washglobal-law.com

*Counsel for Claimants' Counsel*

## <u>CERTIFICATE OF SERVICE</u>

On November 6, 2024, I hereby certified that a true copy of the foregoing was served via ECF to:

George Calhoun
IFRAH PLLC
1717 Pennsylvania Ave., NW Suite 650
Washington, D.C. 20006

Naomi D. Barrowclough
Reynold Lambert
Gavin J. Rooney
Lowenstein Sadler LLC
1251 Avenue of The Americas
New York, NY 10020

*Counsel for Plaintiffs*

<u>/s/ Max Maccoby</u>