IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **SCPS, LLC and SSPS, LLC,**<br><br>　　　　**Plaintiffs,**<br>　v.<br><br>**Kind Law, Ben Travis Law, and Individuals Identified on Attachment A,**<br><br>　　　　**Defendants.** | Case No.: 1:24-cv-02768-PLF |

<u>**CLAIMANTS'**</u>
<u>**MOTION TO DISMISS**</u>

　　The remaining Claimant Defendants in this action ("Claimants") hereby, by and through counsel, move this Court to dismiss this frivolous action brought by SCPS, LLC ("Zula") and SSPS, LLC ("Sportzino" and jointly as "Plaintiffs") because Plaintiffs cannot establish that personal jurisdiction exists.

　　This brief is based upon the accompanying memorandum of points and authorities, all papers and records on file herein and on such oral arguments which may be presented at the hearing of the motion.

**Table of Contents**

I. Introduction ................................................................................................................. 1

II. Relevant facts ............................................................................................................. 1

III. Argument .................................................................................................................... 2

    A. The Original Terms' forum selection provisions do not confer personal jurisdiction over Claimants ................................................................................................................. 2

        1. Plaintiffs cannot invoke the Original Terms to establish personal jurisdiction because Plaintiffs' position is that Claimants are not parties to the Original Terms ............................ 3

        2. Plaintiffs' claims are outside of the limited scope of the implied consent assumed in the forum selection provisions ................................................................................................. 3

        3. The forum selection provisions are unenforceable under applicable state law .............. 4

        4. The Original Terms' forum selection provisions are unenforceable on their face, given the AAA Rules ............................................................................................................... 5

    B. Preservation of other arguments ....................................................................... 6

IV. Conclusion .................................................................................................................. 7

## Table of Authorities

*AFGE, Local 2924 v. FLRA*, 373 U.S. App. D.C. 436, 442, 470 F.3d 375, 381 (2006) ................ 5

*Am. Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 5, 108 Cal. Rptr. 2d 699, 702 (2001) ..... 4

*Bridgewell Res. Ltd. Liab. Co. v. Tanamera Constr., Ltd. Liab. Co.*, No. 3:20-cv-00518-YY,
    2021 U.S. Dist. LEXIS 165294, at *50 (D. Or. June 1, 2021) ...................................................... 4

*Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149, 154 (D.D.C. 2008) ........................................ 4

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir.
    2016) ............................................................................................................................................ 3

*Nat'l R.R. Passenger Corp. v. Bos. & Maine Corp.*, Civil Action No. 87-1507, 1987 WL 16842,
    at *2 (D.D.C. Sept. 1, 1987), *aff'd*, 850 F.2d 756 (D.C. Cir. 1988) ............................................. 3

*Nattah v. Bush*, 770 F. Supp. 2d 193, 201 (D.D.C. 2011) ............................................................... 6

*Nichols v. Vilsack*, 183 F. Supp. 3d 39, 42 (D.D.C. 2016) ............................................................. 6

*Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1029 (9th Cir. 2016) ................................................. 4

*United States v. Thomas*, 572 F.3d 945, 949, 387 U.S. App. D.C. 300 (D.C. Cir. 2009) .............. 6

*Walen v. United States*, 246 F. Supp. 3d 449, 452 (D.D.C. 2017) ................................................. 3

*Willis v. Nationwide Debt Settlement Grp.*, 878 F. Supp. 2d 1208, 1220–1221 (D. Or. 2012) ...... 4

**Memorandum of Points and Authorities**

I.   **Introduction**

The only remaining defendants in this action are the Non-User Claimants and Wrong-Tribunal Claimants (jointly referred to herein as "Claimants"). ECF Nos. 51, 52. Claimants now move this Court to dismiss this matter against them because Plaintiffs cannot establish that personal jurisdiction exists.

Plaintiffs cannot show that Claimants have any connection at all to this District or that they consented to personal jurisdiction in Washington D.C.

II.   **Relevant facts**

This Court is already familiar with the factual background in this matter. ECF Nos. 51, 52. Claimants include only those narrow facts relevant to determining the instant motion.

On March 7, 2024, Plaintiffs Zula and Sportzino published their Terms and Conditions, including an agreement to arbitrate any disputes before the AAA (the "Original Terms"). ECF No. 3-1, p. 12 (Zula); ECF No. 3-1, p. 84 (Sportzino). Both Original Terms are identical in every material way. *Id.* The Original Terms state that "except as otherwise may be required by the AAA Rules, the arbitration will be held in Washington DC." *Id.* at ¶ 12.6(e).

On June 19, 2024, Claimants began initiating arbitration proceedings under the Original Terms, alleging that they were customers of Zula and Sportzino and that the companies were engaged in illegal gambling and other violations of consumer-protection statutes. Notices of Dispute, ECF No. 12-4, pp. 55-57, Exs. 11, 12.

In response, Zula and Sportzino attempted to update their Terms, calling for all arbitrations to take place in Ontario, Canada in the Canadian arbitration forum ADR Chambers (the "New Terms"). ECF No. 3-1, p. 36; ECF No. 3-1, p. 111. Claimants did not believe that the New Terms

---

MOTION                                          — 1 —

were enforceable and attempted to proceed with their claims in the AAA. AAA Demand, ECF No. 12-4, pp. 134-149, Ex. 17.

Zula and Sportzino, guided by their attorneys at Lowenstein Sandler, also initiated a series of additional unethical actions aimed at intimidating Claimants, seeking to pressure them into abandoning their valid arbitration claims. These underhanded actions included making direct threats to Claimants, attempting to engage in direct settlement discussion with these represented Claimants, filing retaliatory arbitration claims against some Claimants in Canada, and filing this baseless action against Claimants and the law firms that sought to represent Claimants in the AAA arbitration proceedings.

Zula, Sportzino, and Lowenstein Sandler filed their complaint in this Court, knowing that Claimants have no connection to Washington, D.C.

### III.  Argument

Plaintiffs cannot meet their burden to establish personal jurisdiction for multiple reasons, each of which warrants dismissal of this case. Accordingly, this case should be dismissed.

**A. The Original Terms' forum selection provisions do not confer personal jurisdiction over Claimants**

Plaintiffs cannot establish personal jurisdiction because (1) Plaintiffs argue that Claimants are not parties to the Original Terms (and thus cannot invoke the Original Terms to establish personal jurisdiction); (2) Plaintiffs' claims are outside of the limited scope of implied consent assumed in the forum selection provisions; (3) the forum selection provisions are unenforceable under applicable state law; and (4) the forum selection provisions are unenforceable under the AAA rules.

1. **Plaintiffs cannot invoke the Original Terms to establish personal jurisdiction because Plaintiffs' position is that Claimants are not parties to the Original Terms**

Plaintiffs fail to establish grounds for personal jurisdiction over Claimants in this Court. The plaintiffs bear the burden of establishing that the Court has jurisdiction. *See Walen v. United States*, 246 F. Supp. 3d 449, 452 (D.D.C. 2017). Plaintiffs' only argument is that the Original Terms' arbitration provisions contain a Washington D.C. forum selection provision and, therefore, Claimants impliedly consented to jurisdiction in this Court. But Plaintiffs' argument is belied by their own claim that Claimants are not subject to the Original Terms.

Plaintiffs cannot have it both ways. If Claimants are correct that they are subject to the Original Terms, then Plaintiffs' claims are moot because the Original Terms require all disputes to be arbitrated in the AAA.

On the other hand, if the Original Terms are not applicable, as Plaintiffs contend, then the Original Terms' forum selection provisions cannot establish Claimants' implied consent to jurisdiction in this Court. Therefore, Plaintiffs are unable to meet their burden to establish personal jurisdiction, which warrants dismissal of this case.

2. **Plaintiffs' claims are outside of the limited scope of the alleged implied consent assumed in the forum selection provisions**

Additionally, Plaintiffs' claims are beyond the scope of any consent to personal jurisdiction in this Court that may be implied from an agreement to arbitrate in Washington D.C. As this Court found in its Opinion, the scope of this implied consent is limited to actions seeking to enforce the arbitration agreement. ECF No. 59; *see Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016); *Nat'l R.R. Passenger Corp. v. Bos. & Maine Corp.*, Civil Action No. 87-1507, 1987 WL 16842, at *2 (D.D.C. Sept. 1, 1987), *aff'd*, 850 F.2d 756 (D.C. Cir. 1988).

---

MOTION                — 3 —

Plaintiffs do not seek to compel arbitration under the Original Terms. Plaintiffs' claims thus fall outside the limited scope of those provisions. Thus, Plaintiffs fail to meet their burden to establish personal jurisdiction, which warrants dismissal of this case.

**3.  The forum selection provisions are unenforceable under applicable state law**

The forum selection provisions are also unenforceable under the laws of the states where Claimants reside. *E.g.*, NRS 97B.100(2) (Nevada); *Am. Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 5, 108 Cal. Rptr. 2d 699, 702 (2001) (in California, forum selection clause amounted to a contractual waiver of unwaivable consumer protections); *Willis v. Nationwide Debt Settlement Grp.*, 878 F. Supp. 2d 1208, 1220–1221 (D. Or. 2012) (the forum selection clause requiring Oregon resident to arbitrate in California was so "gravely difficult and inconvenient" that for all practical purposes the plaintiffs would be deprived of their day in court: "It is fair to conclude on this record that plaintiffs are not capable of paying for and participating in arbitration in San Joaquin County, California"); *see also Bridgewell Res. Ltd. Liab. Co. v. Tanamera Constr., Ltd. Liab. Co.*, No. 3:20-cv-00518-YY, 2021 U.S. Dist. LEXIS 165294, at *50 (D. Or. June 1, 2021) ("[C]omity requires courts in one state to honor other states' laws voiding forum selection clauses.").

In briefing their opposition to Claimants' Counsel's motion to dismiss, Plaintiffs conceded that a forum selection clause would be unenforceable if, under the forum selection clause, trial would be "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" ECF No. 21, p. 36, n. 22 (citing *Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149, 154 (D.D.C. 2008)); *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1029 (9th Cir. 2016)). Here, Claimants were targeted by Plaintiffs' casinos in their home states and lost money to Plaintiffs in their home states. It would be gravely difficult and inconvenient to require such consumers who seek to submit a claim against the casino operators to travel to this District to bring

their claims that arose in their home states. Because the forum selection provisions would effectively deprive Claimants of their day in court, or in this case in arbitration, the provisions are unconscionable and unenforceable. Thus, this case should be dismissed.

**4. The Original Terms' forum selection provisions are unenforceable on their face, given the AAA Rules**

Moreover, the Washington, D.C. forum selection provisions—providing that "Except as otherwise may be required by the AAA Rules, the arbitration will be held in Washington DC"—are excepted under the specifically incorporated AAA Rules. *AFGE, Local 2924 v. FLRA*, 373 U.S. App. D.C. 436, 442, 470 F.3d 375, 381 (2006) ("Interpretation of a contract . . . must begin with the plain meaning of the language.").

Under the AAA Rules, a forum selection provision is unenforceable in a consumer contract. AAA's Consumer Due Process Protocol, Principle 7[1] (requiring a "Reasonably Convenient Location"); AAA September 6, 2024 letter, Ex. 22, ECF No. 11-4, pp. 196-198 (the AAA's determination that a provision that stated that "the hearing (if any) must take place in Las Vegas, Nevada" violated Principle 7 for consumers who do not reside in Nevada); AAA September 11, 2024 letter, Ex. 23, ECF No. 11-4, pp. 199-201 (the AAA's determination that a provision that stated that "THE HEARING (IF ANY) MUST TAKE PLACE IN NEVADA STATE" violated Principle 7 for consumers who do not reside in Nevada).

Here, the Original Terms' forum selection provisions provide that "Except as otherwise may be required by the AAA Rules, the arbitration will be held in Washington DC." ECF No. 3-

---

[1] Available at
https://www.adr.org/sites/default/files/document_repository/Consumer%20Due%20Process%20Protocol%20(1).pdf

MOTION — 5 —

1, p. 27. Under Principle 7 of the AAA's Consumer Due Process Protocol, the Washington D.C. forum selection clause is unenforceable since it calls for consumers who do not live in Washington D.C. to bring their claims in D.C. ECF No. 11-4, pp. 196-198 (the AAA applying Principle 7 in a similar case); ECF No. 11-4, pp. 199-201 (same). The plain language of the forum selection provisions limit their applicability to the extent they conform with the AAA Rules. In this case, they do not. Therefore, there is no personal jurisdiction in this District because the Washington, D.C. forum selection provisions—the only grounds on which Plaintiffs rely—conflict with the AAA Rules and are excepted under the plain language of the contract. Accordingly, this case should be dismissed.

## B. Preservation of other arguments

Claimants believe that given this Court's rulings in its Opinion, ECF No. 51, the issue of personal jurisdiction is likely to be dispositive. *United States v. Thomas*, 572 F.3d 945, 949, 387 U.S. App. D.C. 300 (D.C. Cir. 2009) (Under the "law of the case" rule, "the same issue presented a second time in the same case in the same court should lead to the same result.").

Therefore, mindful of this Court's time and attention to this matter, Claimants do not raise other arguments here that may be raised at a later time. *Nattah v. Bush*, 770 F. Supp. 2d 193, 201 (D.D.C. 2011) ("Rule 12(g) is explicitly limited by Rule 12(h), which exempts from the waiver rule both motions to dismiss pursuant to Rule 12(b)(1) . . . and motions to dismiss for failure to state a claim brought pursuant to Rule 12(b)(6)."); *Nichols v. Vilsack*, 183 F. Supp. 3d 39, 42 (D.D.C. 2016) ("a motion to transfer venue under Section 1404(a) is not a 'defense' that must be raised by pre-answer motion or responsive pleading.") (citing 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3829 (4th ed.)).

## IV.    Conclusion

Plaintiffs cannot establish that this Court has personal jurisdiction over Claimants. Respectfully, Claimants request that this matter be dismissed.

Dated this 13th day of March 2025.

                                 Respectfully submitted,

                                 */s/ Max Maccoby*
                                 D.C. Bar No. 462064
                                 Washington Global Law Group PLLC
                                 1701 Pennsylvania Ave., NW, Suite 200
                                 Washington, DC 20006
                                 202-248-5439 Office
                                 773-960-8988 Cell
                                 maccoby@washglobal-law.com

                                 *Counsel for Claimants*

## CERTIFICATE OF SERVICE

I hereby certified that on March 13, 2025, a true copy of the foregoing was served by ECF/email to:

> George Calhoun
> IFRAH PLLC
> 1717 Pennsylvania Avenue NW
> Suite 650
> Washington, DC 20006
> (202) 524-4157
>
> Lowenstein Sandler LLP *Pro Hac Vice*
> 1251 Avenue of The Americas
> New York, NY 10020
> (212) 262-6700
>
> *Counsel for Plaintiffs*
>
>       */s/ Max Maccoby*